**Samuel PORTER, Jr., Plaintiff–**
**Appellant,**

v.

**DAN THOMPSON ROOFING, Niagara County Orleans Boces, Board of Education of the Town of West Hartford, City of Niagara Falls, Engineering**

Dept., City of Niagara Falls, Administrative Office, City of Niagara Falls, Economic Development, Hospital, Niagara County, Treasury Dept., Contractor, in Niagara Falls, NY, Main Street Businessman Association, Niagara University, Niagara County, Employment and Training, Niagara Community Action Program, Secured Storage, Niagara Falls Memorial Hospital, Niagara Falls Tourism Dept., Housing Urban Development, Niagara Frontier Auto Dealers Association, Inc., Transportation Association, Niagara County, Sheriff's Dept., D.A. Niagara County, 827 Main Street Diner, E.I. Dupont De Nemours & Company, Niagara Falls, Tops Market, West Valley Nuclear Services Company, Inc., Site, Niagara Falls Memorial Hospital, Housing Authority, Main Street Burger King, N.F.N.Y., the Money Place, LLC, Verizon Telecom, Adelphia, the Coachman Motel, Cricket Representative Marks Food Market, Pages Automation, Charter One Bank, Applied Digital of Palm Beach Florida, National Fuel Gas Company, Crime Victims Board, State of N.Y. Executive Dept. Claim Dept., N.Y. State Dept. of Education, All General Contractors in Niagara County, 1726 North Ave, NFTA Local Niagara Falls, N.Y., Automobile Dealers in Erie and Niagara County, HSBC Bank, M & T Bank, Niagara Mohawk Power, Defendants,

United States Department of Labor, U.S. Census Bureau, 199 for 2000 Niagara Falls Office, Defendants–Appellees.

No. 03–6117.

United States Court of Appeals, Second Circuit.

Oct. 8, 2004.

Samuel Porter, Niagara Falls, NY, for Appellant, pro se.

PRESENT: MESKILL, MINER, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

*Pro se* plaintiff-appellant Samuel Porter, Jr. appeals from a final judgment of the United States District Court for the Western District of New York (Larimer, *J.*) entered pursuant to a decision and order dated May 6, 2003, dismissing Porter's employment discrimination lawsuit brought under Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act. Having carefully considered the record, we affirm substantially for the reasons stated in the district court's memorandum-decision and order, *Porter v. Dan Thompson Roofing,* No. 03–cv–282(s) (W.D.N.Y. May 6, 2003).

The judgment of the district court is AFFIRMED.